Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 995 | **DATE** | 6/17/2004 |
| **CASE TITLE** | Jacobs vs. The Paul Revere Life Ins Co | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing set for 9/16/2004 at 9:30 A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Ruling held. **ENTER MEMORANDUM OPINION:** Paul Revere's motion (Doc 9-1) for a declaration and related request to bar the admission of all parol evidence are denied. Discovery to be completed by September 16, 2004.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUN 1 8 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | 16 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| SCT | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

STEVEN E. JACOBS, )
)
Plaintiff, )
)
vs. ) 04 C 0995
)
THE PAUL REVERE LIFE INSURANCE )
COMPANY d/b/a UNUMPROVIDENT, )
)
Defendant. )

DOCKETED
JUN 1 8 2004

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This matter comes before the court on the motion of Defendant Paul Revere Life Insurance Company ("Paul Revere") for a declaration that the policy described in the complaint, issued to Plaintiff Steven Jacobs, is not ambiguous with regard to the inclusion of an "Information Sheet." For the reasons that follow, the motion for a declaration is denied, as is the related motion to bar admission of all parol evidence.

## BACKGROUND

Jacobs is a commodities trader. In 1991, he purchased disability income insurance policy number 0102517193 ("the policy") from Paul Revere. Jacobs had a previous back injury that had required him to undergo surgery. He disclosed this



condition on his policy application, and the issued policy contained a rider to the effect that benefits for "any loss resulting from the sacroiliac or the lumbosacral joints, or the lumbar spine" would be paid for a period of 12 months. For other losses, policy benefits would continue until Jacobs turned 65. Jacobs was 33 when he bought the policy.

In November 2001, at the age of 43, Jacobs filed a claim for benefits with Paul Revere, stating that he was totally disabled because of lower back problems. Paul Revere paid benefits to Jacobs for 12 months. Thereafter, Jacobs informed Paul Revere that the 12-month benefit limitation should have been removed from his policy. Jacobs claims that Mark Brody, the agent who sold him the policy, told him when he purchased the policy that the exclusion would be removed from the policy if he remained symptom-free for two years after the policy issued.

At first, Paul Revere informed Jacobs that the exclusion had not been removed because he had not requested its removal. After he formally requested its removal, he was told that the exclusion would remain in the policy because he had not made the request in a timely manner.

In early 2004, Jacobs filed suit in the Circuit Court of Cook County, Illinois. The complaint sought a declaratory judgment that Jacobs had satisfied all the requirements to have the exclusion removed from the policy and that he was entitled

to continuing benefits for his back problems. The complaint also claimed that Paul Revere was estopped from enforcing the exclusion and sought to reform the policy if the court found that the contract did not provide that the exclusion could be removed. Paul Revere removed the case to this court, and now seeks a declaration that the policy is not ambiguous and a consequent exclusion of all parol evidence bearing on the meaning of the policy terms.

## LEGAL STANDARD

The construction of an insurance policy and a determination of the rights created and obligations imposed by the policy are questions of law for the court to decide. Crum and Forster Managers Corp. v. Resolution Trust Corp., 620 N.E.2d 1073, 1077 (Ill. 1993). In construing the terms of an insurance policy, as with any other contract, a court looks first solely at the policy's language. See Air Safety v. Teachers Realty Corp., 706 N.E.2d 882, 884 (Ill. 1999). If the contractual provisions are clear and unambiguous, the court will look no further than the "four corners" of the contract itself. See Dean Management Inc. v. TBS Construction, Inc., 790 N.E.2d 934, 939 (Ill. App. Ct. 2003). If the contract contains ambiguous terms, i.e., terms that can reasonably be interpreted in more than one way, extrinsic evidence can be used to resolve the ambiguity. Id.

## DISCUSSION

The instant motion is styled as one for a declaration that the entirety of the policy is unambiguous. Paul Revere particularly urges that the provisions of a page designated "Form 809"[1] unambiguously provide that the maximum period of benefit for lower back problems such as those Jacobs experienced was 12 months.

Jacobs does not contend that Form 809 contains an ambiguity. Rather, he claims that the policy included a mechanism for removing the 12-month restriction. Without this limitation, losses caused by back injuries would be subject to the same timeline as any other loss, namely until Jacobs turns 65. He points to a document entitled "Policy Issue Information Sheet" to support his argument. In a section discussing loss resulting from back problems, the sheet cryptically states "On request, reconsideration can be given to removal, modification or reduction subject to NO RECURRENCE, PHYSICIAN'S STATEMENT, IN 02 YRS." According to Jacobs, this statement bears out his assertion that the restriction was not meant to be a permanent fixture of his insurance coverage.

---

[1] The parties refer to this document as "Form 809" in their briefs. The document itself is not so entitled; only the "809" appears, on the lower lefthand corner of the page.

Paul Revere insists that the contents of the information sheet are immaterial because it is not a part of the policy. They rely upon ¶ 10.1 of the policy, which provides:

> This Policy[2] (with the application and attached papers) is the entire contract between [Jacobs and Paul Revere]. No change in this Policy will be effective until approved by a Company officer. This approval must be noted on or attached to this Policy. No agent may change this Policy or waive any of its provisions.

Paul Revere urges that this provision is an integration clause. Construction of a fully integrated contract is limited to the so-called "four corners" of the agreement; no extrinsic evidence can be considered in interpreting the terms of the parties' agreement. Air Safety, 706 N.E.2d. According to Paul Revere, the information sheet falls within the category of extrinsic evidence outside the four corners of the policy.

There are several problems with this argument. First, as Jacobs points out, it is not a foregone conclusion that ¶ 10.1 is in fact an integration clause. Compare id. at 885 with Cincinnati Ins. Co. v. River City Construction Co., 757 N.E.2d 676, 681 (Ill. App. Ct. 2001), and Longview Aluminum, LLC v. United Steel Workers of America, 213 F. Supp. 2d 876, 881 (N.D. Ill. 2002).

---

[2] The term "Policy" is defined to mean "the legal contract between [Jacobs and Paul Revere]. The policy, the application, the Policy Schedule, and any attached papers that [Paul Revere] call[s] riders, amendments, or endorsements make up the entire contract between [Jacobs and Paul Revere]." ¶ 1.1.

Second, even assuming that the agreement is fully integrated, as ¶¶ 1.1 and 10.1 clearly state, the contract between the parties consists of several documents. While the agreement is unambiguous on the issue of what types of documents (riders, amendments, and endorsements) can be considered part of it, it gives no guidance on how to determine whether a particular document is one of the specified types. This does not automatically render these terms ambiguous. See Lapham-Hickey Steel Corp. v. Protection Mut. Ins. Co., 655 N.E.2d 842, 846 (Ill. 1995). Instead, we must give them their plain and ordinary meaning, which can be found in a dictionary. El Rincon Supportive Servs. Org., Inc. v. First Nonprofit Mut. Ins. Co., 803 N.E.2d 532, 536 (Ill. App. Ct. 2004). Webster's Third New International Dictionary defines a rider as an addition or amendment to a document often attached as a separate piece of paper. Webster's at 1953. An amendment is defined as an alteration effected by the process of amending. Id. at 68. An endorsement is defined as "a provision added to an insurance contract altering its scope or application that takes precedence over printed portions of the policy in conflict therewith." Id. at 749.

Although these terms as written are not ambiguous, there is no itemized list of attached documents or other means within the policy terms that would allow us to determine whether the information sheet fell into any of these categories when the policy issued. Paul Revere strenuously argues that the sheet is none of the listed types

of documents, but we are not persuaded that they are correct. In fact, from what we know about the document, it appears that it could fall squarely within the above definition of endorsement. Indeed, statements of Paul Revere representatives made in letters and in court highlight the possibility that the information sheet could fall within each of the specified categories. See Def.'s Exh. G (appearing to refer to the information sheet as an amendment); Def.'s Exh. H at 5, l. 15 (referring to information sheet as a rider); Pl.'s Exh. E (referring to the information sheet as an endorsement). As a result, we conclude that the contract is ambiguous on the issue of whether the information sheet is among the documents making up the totality of the agreement. Extrinsic evidence is necessary to determine whether the parties intended the policy to include the terms referenced within the sheet. The motion for a declaration that the policy is unambiguous is accordingly denied, as is the request to bar parol evidence.[3]

---

[3] In addition to the discussion pertinent to the instant motion, Paul Revere's submissions contain argument on issues of coverage, such as whether Jacobs ever requested reconsideration of the 12-month limitation. Because the motion before us asks only for a declaration of ambiguity or lack thereof, we do not consider or express any opinion on these additional arguments.

## CONCLUSION

Based on the foregoing analysis, Paul Revere's motion for a declaration and related request to bar the admission of all parol evidence are denied.

*Charles P. Kocoras*
Charles P. Kocoras
Chief Judge
United States District Court

Dated: JUN 17 2004